IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JUAN CARLOS
ARVIZU-HERNANDEZ,**

                Petitioner,

v.                                         **Civil Action No. 5:22-CV-179**
                                              Judge Bailey

**WARDEN BROWN,**

                Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before this Court is a Report and Recommendation ("R&R") [Doc. 17] issued by United States Magistrate Judge James P. Mazzone. Therein, the magistrate judge recommended that petitioner's petition [Doc. 1] be denied and dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's

1

proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections [Doc. 19] on December 27, 2022. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

Initially, petitioner lodges a series of baseless objections to this Court's referral to the magistrate judge. First, petitioner argues it was improper for the magistrate judge to prepare an R&R because "[t]he magistrate judge did not make an oath of office as it was required for him to perform such obligation." Here, Magistrate Judge Mazzone did make an oath of office prior to federal service and, accordingly, this objection is overruled.

Next, petitioner contends that the magistrate judge improperly considered the petition because petitioner did not consent to referral to the magistrate judge. Petitioner cites to no legal authority in support of this position, likely because it is entirely erroneous. Magistrate

judges may be assigned additional duties not specifically enumerated in 28 U.S.C. § 631 *et seq.* so long as those assignments are not inconsistent with the Constitution. *See* 28 U.S.C. § 636(b)(3); *see also* **United States v. Osborne**, 345 F.3d 281, 285 (4th Cir. 2003). While petitioner has a constitutional right for an Article III judge to preside at every critical stage of trial, **Osborne**, 345 F.3d at 285–88, petitioner's consent was not required for Magistrate Judge Mazzone to make a recommendation to this court concerning his petition's lack of merit. This is so because the magistrate judge's R&R carries no presumptive weight, and the ultimate responsibility for making a decision concerning the petitioner rests with this Court. *See* **Matthews v. Weber**, 423 U.S. 261, 270–72 (1976) (finding that preliminary review, such as that done by Magistrate Judge Mazzone in this case, is one of the "additional duties" that 28 U.S.C. § 631 contemplated magistrate judges to perform). Accordingly, this objection is overruled.

The remainder of petitioner's objections reek of faulty, "sovereign citizen" assertions concerning the supposed invalidity of Article III courts and the inapplicability of the Bill of Rights in the federal system. These arguments are bogus and unsupported by law. *See* **Gaskins v. South Carolina**, 2015 WL 6464440, at *4 (D. S.C. Oct. 26, 2015) (Norton, J.) (citing **United States v. Benabe**, 654 F.3d 753, 767 (7th Cir. 2011)). Accordingly, these remaining objections are overruled.

The R&R [**Doc. 17**] is **AFFIRMED**, and petitioner's petition [**Doc. 1**] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The Clerk is instructed to **STRIKE** this matter from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to petitioner and to transmit copies to all counsel of record herein.

**DATED**: January 4, 2023.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**